IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MCCARTHY E.[1],                              )
                                            )
     Plaintiff,                     )
                                            )
v.                                          )          Civil Action No. 7:20-cv-00734
                                            )
KILOLO KIJAKAZI, Acting                     )          By:  Elizabeth K. Dillon
   Commissioner, Social Security            )               United States District Judge
   Administration,                          )
                                            )
     Defendant.                     )

## MEMORANDUM OPINION AND ORDER

Plaintiff McCarthy E. brought this action for review of the final decision made by

defendant, Commissioner of the Social Security Administration, denying his application for

disability insurance benefits under the Social Security Act.  (Complaint, Dkt. No. 2.)  Plaintiff

and the Commissioner moved for summary judgment (Dkt. Nos. 14, 17), and pursuant to 28

U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou

for a report and recommendation (R&R).  On February 4, 2022, the magistrate judge issued his

R&R, finding that substantial evidence supported the Commissioner's decision.  (R&R, Dkt. No.

19.)  Plaintiff filed objections on February 18, 2022.  (Dkt. No. 20.)

After de novo review of the pertinent portions of the record, the report, and the filings by

the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

recommendation.  Accordingly, the court will grant the Commissioner's motion for summary

---

[1]  Due to privacy concerns, the court is adopting the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States that courts only use the first
name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's
decision.

## I.  BACKGROUND[2]

Plaintiff filed for Supplemental Security Income (SSI) and Disability Insurance Benefits
(DIB) in May 2018, claiming that his disability began on July 22, 2017, due to diabetes, kidney
failure, dialysis, kidney and pancreas transplants, neuropathy, complications from diabetes,
amputated toes, left knee problems due to fracture, chronic pain, sleep apnea, depression,
obesity, high blood pressure, peripheral edema, and diabetic retinopathy.  (Tr. 13, 273.)  The
Administrative Law Judge (ALJ) held a hearing on February 26, 2020.  On March 17, 2020, the
ALJ issued a partially favorable decision denying plaintiff's claim for benefits prior to December
30, 2019, but finding that plaintiff became disabled on December 30, 2019, and continued to be
disabled through the date of the ALJ's decision.  (Tr. 13–24.)

The ALJ found that plaintiff suffered from the severe impairments of obesity, diabetes
with peripheral neuropathy, residuals of kidney and pancreas transplants, lumbago, retinopathy,
sleep apnea, hypertension, peroneal tendonitis, mild degenerative joint disease of the knees,
depression, and anxiety.  (Tr. 15.)  The ALJ further found that plaintiff had the additional
impairment, beginning on the established onset date of disability, of Charcot foot.  (*Id.*)  The ALJ
concluded that these impairments, either individually or in combination, did not meet or
medically equal a listed impairment.  Regarding his mental impairments, the ALJ found that
plaintiff had mild limitations understanding, remembering, or applying information and adapting
or managing oneself, and moderate limitations concentrating, persisting, or maintaining pace,
and interacting with others.

---

[2]  The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 3–7.)

Prior to the established onset date of disability, plaintiff retained the residual functional capacity (RFC) to perform a limited range of sedentary work. (Tr. 18.) Specifically, plaintiff could only occasionally climb, balance, stoop, kneel, crouch, be exposed to extreme heat and cold, vibrations/vibrating surfaces, and pulmonary irritants (fumes, odors, dust, gases, and poorly ventilated areas), and can never crawl, use foot controls, or be exposed to hazards or unprotected heights. Plaintiff cannot perform production rate or pace work, defined as assembly-line type work or work with strict daily quotas, and can have no interaction with the public. Since July 22, 2017, plaintiff was unable to perform his past relevant work, but prior to the established onset date, plaintiff could perform jobs that exist in significant numbers in the national economy, such as document preparer and addressing clerk. (Tr. 22–23.) Beginning on December 30, 2019, plaintiff's impairments met listing 1.02A (major dysfunction of joints), including that he cannot ambulate effectively and requires crutches or a wheelchair. (Tr. 23.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a

mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of*

*Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil

Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who

reiterates her previously raised arguments will not be given 'the second bite at the apple she

seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect

as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va.

2008)).

### B. Objections to the R&R

In his summary judgment brief, plaintiff argued that the ALJ's RFC finding and

determination that plaintiff's disability did not commence until December 30, 2019, is not

supported by substantial evidence and that the ALJ's assessment of plaintiff's mental

impairments and subjective allegations are not supported by substantial evidence.  (*See* Pl.'s

Mem. in Supp. of Mot. for Summ. J., Dkt. No. 15.)  In many if not most respects, plaintiff's

objections to the R&R are a restatement of his summary judgment arguments.  It is not necessary

for the court to address the exact same arguments raised before and thoroughly addressed by the

magistrate judge.  The court will, however, address the following objections.

Plaintiff claims that the R&R and the ALJ ignored substantial and significant evidence

regarding the severity of plaintiff's pitting edema prior to December 30, 2019, resulting in

plaintiff's need to elevate his legs, supposedly eliminating his ability to perform sedentary work.

(Tr. 47–48.)  Plaintiff cites to his hearing testimony, where he claimed that his doctors have been

telling him to elevate his legs "forever," or "for years."  (Tr. 48.)  As the R&R explained, the

ALJ did not ignore this evidence; he explicitly acknowledged plaintiff's claims that he "could

not sit, stand, or walk long enough to sustain even sedentary work," and had to elevate his legs

"as much as possible."  (Tr. 18.)  The ALJ reasoned that these impairments did not preclude a

range of sedentary work prior to the disability onset date.  In support, the ALJ noted that in August 2019 plaintiff could walk without an assistive device in physical therapy and could drive and care for himself independently.  (Tr. 19–20, 1740, 1744.)  Therefore, the ALJ's finding that plaintiff had the RFC to perform sedentary work prior to December 30, 2019, when plaintiff "was diagnosed with Charcot's joint of the left foot due to diabetes . . . and prescribed a walking cast boot and a knee walker so he could remain non-weight bearing," (Tr. 16), is supported by substantial evidence.

Plaintiff also argues that the R&R erred by stating that the ALJ was not required to explain how he considered each state agency opinion.  Plaintiff explains that the ALJ only articulated his reasons for the physical disability opinions and not the mental disability opinions.  Plaintiff's only support for this argument is a citation to 20 C.F.R. § 404.1520c, which was also cited in the R&R.  (R&R 14 n.10.)  This regulation does not support plaintiff's argument.  *Id.* § 404.1520c(b)(1) ("Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record.").

Finally, plaintiff asserts that the ALJ and the R&R did not establish a link between his minimal activities of daily living and the ability to work full time prior to December 30, 2019.  As the R&R explained, the ALJ cited daily living activities in addition to (1) medical evidence showing plaintiff could physically sustain sedentary work prior to the established onset date, and (2) non-medical evidence, including that he stopped working in July 2017 because his company closed, not due to his physical impairments, and that he tried to look for similar work following

the closure.  (R&R 16 (citing Tr. 20).)  In total, the court agrees that this is substantial evidence that plaintiff was not disabled at that time.

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1.  The R&R (Dkt. No. 19) is ADOPTED;

2.  Plaintiff's objections (Dkt. No. 20) are OVERRULED;

3.  The Commissioner's motion for summary judgment (Dkt. No. 17) is GRANTED;

4.  Plaintiff's motion for summary judgment (Dkt. No. 14) is DENIED; and

5.  The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 17, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge